# SUPREME JUDICIAL COURT

##### FOR THE

### COUNTIES )F SUFFOLK AND NANTUCKET, MARCH TERM 1839, AT BOSTON.

##### PRESENT :

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM,
Hon. SAMUEL S. WILDE,
Hon. MARCUS MORTON,  } Justices
Hon. CHARLES A. DEWEY,

## Thaddeus M. Harris *et al. versus* John Knapp *et al.*

A testatrix, after directing a sale of all her real estate, and the payment of her debts, &c. proceeded thus : " What remains of real and personal estate I give and bequeath, as follows : one half thereof to my daughter M., (who was a married woman,) for her use and disposal during her life, and whatever shall remain at her death I give the same to her two daughters, D. and S., in equal shares ; and the other half, to the children of my son." It was *held*, that this was not a bequest to M. merely of the income of one half of such residuary fund during her life ; but that she might, in her lifetime, if not alone, at least in conjunction with her husband, dispose of the principal, either wholly or in part.

THIS was a bill in equity, in which the complainants, T. M. Harris and Mary, his wife, and their daughter, Dorothy Harris, set forth, that Dorothy Dix, the mother of Mary Harris, on the 28th of February, 1822, made her will, in which, after bequeathing divers legacies, she devised and directed, as follows: " I direct and hereby authorize my executor to dispose of all my real estate, at public auction or private sale, at his

best discretion, and to make deed or deeds to pass the same, and out of the proceeds of the same and out of my other personal estate to pay all my debts and the charge of settling my estate and funeral charges, (always reserving my plate,) and what remains of said real and personal estate (excepting my plate) I give and bequeath as follows : one half thereof to my said daughter, Mary Harris, for her use and disposal during her life, and whatever shall remain at her death I give the same to her two daughters, Dorothy and Sarah, in equal shares ; and the other half to the children of my son, Joseph Dix, in equal shares, viz." &c.

The bill further set forth, that the testatrix died on the 29th of April, 1837 ; that Theophilus Wheeler, who was appointed executor, having declined accepting the office, the respondent, Knapp, was appointed administrator with the will annexed ; that Sarah Harris died in the lifetime of the testatrix, without issue ; that the administrator had sold the real estate and personal estate ; that by an account, which he had settled in the probate office, it appeared, that he had in his hands, after the payment of debts and legacies, a large sum of money, as the residue of the estate, of which one half amounted to more than the sum of $8000 ; that the complainants, Thaddeus M. and Mary, by certain writings of disposition and appointment, dated on the 29th of January, 1838, ordered and appointed the sum of $2114·04, being a part of such residue, to be paid over by the administrator to the complainant, Dorothy ; and that the administrator, alleging that he was apprehensive, or was advised, that neither of the complainants, Mary nor Thaddeus M., nor both of them jointly, had any right to dispose of the principal money or any part thereof, but that the same was a trust fund in his hands to be held during the lifetime of Mary Harris, and that the income only of such fund was payable to her, had wholly refused to pay over such sum in compliance with the appointment.

The prayer of the bill was, that the administrator might, by a decree of the Court, be ordered to pay over such sum to the complainant, Dorothy, and that the complainants might have such other and further relief, &c.

The heirs at law of the testatrix were also made defendants.

Harris
v.
Knapp.

Knapp filed an answer, admitting the allegations above recited.

The case was argued in writing.

*Dexter*, for the plaintiffs, cited *Anonymous*, 3 Leon, 71 ; *Thorley* v. *Thorley*, 10 East, 438 ; *Tomlinson* v. *Dighton*, 1 P. Wms. 148 ; *Pushman* v. *Filliter*, 3 Ves. 7 ; *Wynne* v. *Hawkins*, 1 Bro. Ch. R. 179 ; *Sprange* v. *Barnard*, 2 Bro. Ch. R. 584.

*S. Hubbard*, for the defendants. The complainants admit, that if the devise had been made to Mary Harris, *for her use during life*, it would have given to her the income only of the property ; but they contend, that, by the introduction of the words " and disposal," the whole estate is given to her, or, in other words, that she may dispose of it at her pleasure. Such a construction would render the words, " during her life " nugatory, and would defeat the residuary clause.

The general rule as now settled, is, " that a gift of a fund or sum of money to one for life, with remainder over, is a gift of the interest or income only to the first taker, and the fund itself is not to be paid to the legatee for life, but to be in the hands of a trustee." *Dorr* v. *Wainwright*, 13 Pick. 331. In the case at bar we have all the requisites laid down in this rule. The circumstance, that the bequest is made directly to Mary Harris, does not alter the principle ; for the Court recognise the authority of the case of *Claggett* v. *Hardy*, 3 New Hampsh. R. 147, where, under similar circumstances, the court declare, that the executor is by law constituted the trustee of the fund.

To give any color to the claim of the complainants, the argument should be, that the words, " whatever shall remain at her death," imply an absolute right in Mary Harris, to spend the principal at her pleasure ; but these words are susceptible of a different meaning and one much more consonant with the general intent of the testatrix. The words " what remains" had been previously used in reference to the fund, which was the subject of the devise. So, here the words, " whatever shall remain at her death," refer to the same fund, in whatever manner it should be invested, and whether the same should be more or less, as it might be diminished or increased by the

investment. Any other construction must, if the English decisions furnish the rule by which this Court is to be governed, give the property to the husband, as alone capable of taking what is given directly and absolutely to the wife ; and the intent to provide for her and her daughters would be defeated.

The defendants submit, that in no other way can the general intent of the testatrix be executed, than by treating this as a devise giving the disposition of the income exclusively to Mary Harris, and the principal fund remaining after her death, to her daughters ; and to support this intent, the administrator must hold the fund, or a trustee must be appointed for the purpose.

SHAW C. J. delivered the opinion of the Court. The question presented in this case is, whether the complainant, Mrs. Harris, by force of the bequest made to her by the will of her mother, took any thing more than the right to receive of the executor, the annual income of the sum left, or whether the principal sum was so left, that she herself, in her own name, or jointly with her husband, or the husband alone, could dispose of the principal sum. It is immaterial to the purpose of the present inquiry, whether the bequest is to be considered as an absolute gift to the wife, in the same manner as if there had been no limitation over, so that the husband could forthwith reduce the same to possession and claim to have the whole paid over to him ; or whether it is to be considered as a bequest of the income only, to the wife, with a power to the wife to dispose of the principal, in part or in whole, during her lifetime, with a contingent bequest over, to the daughters, of the remainder, in case any part should remain undisposed of by the wife. It is immaterial, because, in either of these views, the husband having joined with the wife, in the appointment to their daughter, Dorothy, the respondent would be bound by such appointment. But the respondent contends that this bequest is neither an absolute one, nor does it confer a power of appointment and disposal upon the wife, in her lifetime, but that it is a gift of the income only to the wife, during her life, with a gift of the whole of the principal to her two daughters after her decease, and that the executor is constituted a trustee, to hold the fund, to meet and accomplish these purposes of the will. This is the question which has been discussed and considered.

The Court are of opinion, that the construction contended for by the respondent is not the true and correct construction of the will. Such a construction would render several of its clauses nugatory, and without force or effect. The words " what shall remain," in the clause of the will cited, have different meanings, in the two instances in which they are used. In the first, they embrace all her personal estate, including the proceeds of the real, after the payment of debts and specific legacies. One half of this property she gives to her daughter Mary Harris, then and still a married woman, for her *use and disposal* during her life ; and whatever shall remain at her death, she gives the same to her two granddaughters. In this last case, the words " whatever shall remain," necessarily mean that portion of the property bequeathed, which shall be undisposed of at her decease ; but there is no allusion in the will to any mode, by which the sum thus given is to be diminished, except the disposition thereof, to be made by Mrs. Harris ; and therefore the implication is inevitable, that she had a power to make such disposition. This is inconsistent with the supposition, that the whole was to remain undiminished in the hands of the executor, or other trustee, for the purpose of satisfying the gift over.

Again, upon the supposition that this was a gift of the interest only, to the wife, without power of any sort over the principal, the words, " for her use and disposal," applying as they do, to the principal sum itself, would be wholly nugatory. So far from being nugatory, we think they indicate an intent on the part of the testatrix, that her daughter, who was one principal object of her bounty, should either have this property to her own use, with a contingent gift to the grandchildren, in case it should specifically remain at her decease, or that the daughter should have a power of appointment and disposal of the principal, in the hands of the executor as trustee, with a like contingent gift to the grandchildren, and that it was not the intent of the testatrix to place the whole capital in the hands of the executor in trust, to invest it and pay the income only to the daughter during her life, and then the whole principal to the grandchildren. Were this a question between the husband, claiming this as an absolute gift, accruing to him as husband,

and the appointee of the wife, claiming as upon the execution of a power, which by law a wife may execute notwithstanding her coverture, it would require further consideration. But as the husband and wife have both joined in the appointment under consideration, the Court are of opinion, that the executor was bound to pay over the principal pursuant to that appointment, and that the complainants are entitled to a decree accordingly.

*Costs for the complainants, to be paid out of the funds.*